CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 13 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PETER DEMETRIADES, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 7:12CV00250 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SAMUEL W. ALLISON, et al., ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendants. ) | |

Peter and Michelle Demetriades, proceeding pro se, filed this action on June 7, 2012, naming the following parties as defendants: Samuel Allison, Kevin Fleenor, Joseph B. Lyle, State Farm Fire and Casualty Company, Inc. ("State Farm"), and Edward B. Rust, Jr. The plaintiffs also moved to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). The court will grant the plaintiffs' motion to proceed in forma pauperis. However, after reviewing the complaint, the court concludes that the action must be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## Background

The plaintiffs are residents of Rural Retreat, Virginia. Although two of the defendants, State Farm and Edward Rust, are identified in the complaint as Illinois residents, the plaintiffs indicate that the other individual defendants are residents of Virginia. According to the complaint, Samuel Allison and Kevin Fleenor are residents of Bristol, and Joseph Lyle is a resident of Abingdon.

The action arises from foreclosure proceedings initiated against the plaintiffs' property in Bristol, which was purchased from Allison in 2003. The plaintiffs allege that they lived at the

property for seven years before it was "fraudulently taken away from them." (Compl. at para. 14.)

In July of 2010, the plaintiffs received a "demand notice" for $216,800.00, along with a notice advising them that the property would be sold at a trustee's sale on August 5, 2010. (Compl. at para. 18.) The plaintiffs emphasize that they never received any notice from Allison that the property would be foreclosed upon if payments were not "brought current." (Compl. at para. 19.)

The plaintiffs allege that they filed an action in state court to stop the foreclosure sale, and that the sale was allowed to proceed pursuant to an order entered on September 15, 2010. According to the plaintiffs, however, Lyle, the substitute trustee, did not wait to receive the order and instead sold the property to Fleenor, the highest bidder, on August 5, 2010. The plaintiffs assert that Lyle did not have "standing" and that the foreclosure proceedings should have been initiated by Debra Brown, the trustee identified on the deed of trust. (Compl. at para. 22.)

On August 16, 2010, Lyle sought to have the plaintiffs evicted. A hearing was scheduled for September 13, 2010, and the plaintiffs were ultimately given ten days to vacate the property.

Thereafter, Fleenor "filed an insurance claim against the plaintiffs," which involved State Farm and Rust. The plaintiffs assert that the insurance claim was fraudulent, since it involved "something that [Fleenor] legally did not own." (Compl. at para. 27.)

Based on the foregoing allegations, the plaintiffs filed the instant action against the defendants on June 7, 2012. They seek $412,000.00 in damages from Allison and Lyle for "fraudulent foreclosure and fraudulent sale of property." (Compl. at para. 2.) They also seek

$20,000.00 in damages from Fleenor, Rust, and State Farm for "false allegation of damage to property." (Id.)

In the first paragraph of the complaint, the plaintiffs indicate that the action is brought pursuant to "18 U.S.C. Chapter 47." However, on the accompanying civil cover sheet, the plaintiffs state that it is a contract action brought pursuant to the court's diversity jurisdiction.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-657 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

## Discussion

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case can be originally filed in a federal district court if there is

3

federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Having reviewed the plaintiffs' complaint, the court is constrained to conclude that it must be dismissed for lack of subject matter jurisdiction. The plaintiffs have failed to allege any violation of federal law which might support the exercise of jurisdiction under § 1331. Although the plaintiffs reference Chapter 47 of Title 18 of the United States Code, that chapter, which contains federal criminal statutes pertaining to fraud and false statements, provides no civil cause of action for statutory violations. See Fed. Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 137 (4th Cir. 1986) ("Count I . . . sought damages for violations of 18 U.S.C. §§ . . . 1001, 1006, 1008 and 1014, which deal with embezzlement, fraud and misrepresentation. Defendants claim that there is no basis for implying a civil cause of action from the federal criminal code provisions. We agree.").

Additionally, to the extent the plaintiffs purport to invoke the court's diversity jurisdiction, the plaintiffs have failed to demonstrate that complete diversity of citizenship exists between the parties as required by § 1332. To the contrary, the complaint indicates that the plaintiffs and three of the defendants are residents of Virginia. Accordingly, the complaint is subject to dismissal for lack of subject matter jurisdiction.

## Conclusion

For the reasons stated, the court will grant the plaintiffs' motion to proceed in forma pauperis. However, the court concludes that the action must be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure. Such dismissal shall be without prejudice.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the plaintiffs.

ENTER:     This 12th day of June, 2012.

*/s/ Glen Conrad*
Chief United States District Judge